Good morning, may it please the court, David J. Bobrow for the appellant, Nelson Dion. Thank you, and Attorney Reed. Good morning, and may it please the court, Mahogany Reed for the United States. Thank you both. Attorney Reed, please go ahead and mute your camera and your audio at this time. And Judge, if you're ready, I'll go ahead and put us on the record. Ready to go. Thank you. The Honorable, the United States Court of Appeals for the First Circuit is now in session. All persons having any business before this Honorable Court may give their attendance and they shall be heard. God save the United States of America and this Honorable Court. Court is in session. Today's cases will be called, as previously announced, and times will be as allotted to counsel. The first case today is United States v. Nelson Jean Dion, appeal number 21-1411. Attorney Bobrow, please introduce yourself for the record and proceed with your argument. Good morning. May it please the court, please find this is my respectful request to reserve three minutes for rebuttal. My name is David J. Bobrow. That's granted. Thank you. My name is David J. Bobrow. I represent the appellate, Nelson Dion. Mr. Dion's reply brief best describes the argument in this matter, and I use the words of Judge Briones, who presided over the Federal District Court Klein case, often cited by the government. In that particular matter, Judge Klein, I'm sorry, Judge Briones, without necessarily meaning to do so, outlined the distinction between bail conditions and a mandatory protection order. Mr. Klein stated that the comparison by the government in this matter was that the judge considered conditions of bond for Mr. Klein and incorporated a mandatory protection order along with a domestic violence addendum into the conditions after advising Mr. Klein as to the contents of the mandatory protective order. Mr. Klein signed and dated the mandatory protection order, acknowledging receipt. The mandatory protection order gave Mr. Klein notice that he could apply at any time for the modification or dismissal of the protection order. Now, if we use the comparison in that matter to this matter, the Dion matter, we realize that none of those factors were in place, not one. Mr. Dion was never advised specifically as to the consequences of the violation of bail conditions. Mr. Dion was not ever provided notice as to a new court date to address a protective order. That's a singular distinction between bail conditions and a mandatory protective order, as a mandatory protective order has an expiration date, a date that a person will appear in court to address the the court. That's not necessarily so. There are opportunities to address the protective order, but once the protective order is issued, it may last indefinitely until it's modified by the court, just like a bail condition, which won't last indefinitely, but will become null and void once the defendant appears for the proceeding and the proceeding is completed. I mean, the problem you've got in this case, counsel, is with the statutory language. The statute speaks in terms of any other order, any other court order, and the question becomes, is a condition in a bail order, is that within this broad compass of any other court order? I'm struggling to see, definitionally, how we can carve it out. So, in response to that, I believe that the issue is best outlined by first looking at the terms of the actual language in 2266. As I said, probably ad nauseum, there is no definition, no reference to bail whatsoever, which is interesting when you consider that Congress has a several thousand page provision on bail. But when Congress says any other court order, then the lack of reference to specific types of order diminishes in importance, diminishes greatly. Obviously, Congress realized that it could not enumerate all of the specific types of orders, which would be covered under the statute, and so it put that catch-all phrase in the catch-all category, any other court order. And that's very broad language, and the Supreme Court has told us that particularly the word any has a broad sweep. And if that was singular the case, then it would suggest that language in Chevron would be effectively moot, because the language in Chevron that references an interpretive canon that discusses expressing one item of an associative group with a series of others and leaving one unmentioned, in this particular case, bail. We are not talking about a distinct term, we are not talking about a term that would only apply in one or two states, or in a very small locality. We are talking about bail, which is a provision for every state, for every locality, for every court, for every criminal case. And the fact that Congress specifically left that out would suggest that the language that would state that if you leave something unmentioned, that's intended, would tell me and would suggest that that was intended by order. But that's interesting, because if you look at some of the language, and particularly if you look at in the appendix, you look at 23 and 26, you have one that states release conditions. And to me, that would suggest there is a distinction, because release conditions may not be suggestive of a order that is as outlined in 2266. I think that's the important piece. We understand that an order that exists from, that there is an order that exists from bail. But that doesn't necessarily mean that that order is one of the any other orders, when the any other orders are referring to a very specific type of order that has a specific protection for a defendant. And I think that's what I was trying to outline in this. Let me just ask, is the idea that, I'm just trying to figure out the point, is it the, which is the language that is leading you to support your textual position? One possibility is you're saying that because injunction and restraining order precedes any other order, that those two words clue us in that the type of order being referred to there can't encompass an order imposing bail. That would suggest somehow the word order excludes bail, not because of the term order itself, but because of the preceding injunction or restraining. The other possibility is it's the, what comes after for the purpose of preventing blah, blah, blah. I just try to figure out what the textual argument is. I think it could be, I think your, I think your argument has the first statement that you made. I'm not making an argument. I'm asking you what your argument is. Well, I didn't necessarily address the first argument. Okay. Your argument is the second one. It's the, for the purpose language. For the purpose. That's correct. But I, but I would suggest it's not an argument that I made. Just so I can understand it, is the idea that the nature of a bail order is such that it's never for the purpose of the issue is that bail order would be excluded because a bail, you can finish this sentence. Thank you. A bail condition has a specific distinct set of protections than a mandatory protective order. And that language that's very, very specific that, that judge Brioni's talked about exists in a mandatory protective order. Whereas the defendant is on notice. The defendant is on notice as to the consequences. The defendant is on notice as to the hearing. The defendant is on notice as to the terms that is distinct from what happened in this case, but also distinct from bail. Okay. You have, you reserved three minutes. Thank you. Thank you, attorney Bobrow. Please go ahead and mute your audio and video at this time and attorney Reed, please go ahead and introduce yourself on the record to begin. Thank you and good morning. Mahogany Reed here on behalf of the United States. May it please the court. I think judge Selya summed up the government's argument very well. The plain text of section 2266-5 clearly and broadly defines protection order to include any order issued by a court for the purpose of preventing among other things, contact with or physical proximity to another person. The statute was intentionally drafted with broad language to cover orders, no matter the title form or content issued for that specific purpose. Is that a fair characterization of what a bail order is imposed for given, given the conditions that have to be met about flight risk and dangerousness? Is it really proper to characterize the bail order as having that narrow gauge purpose? Your honor, I think that is, um, I think the a primary purpose of a bail order is certainly protection of the community. Uh, and, and, um, yeah, but that's not, that's what I'm saying. That, that may be true. In fact, it is true, but unfortunately the language here is for the purpose, not of protecting the community or against flight risk. It's for the purpose of preventing against sexual violence or contact with any product to another person, including blah, blah, blah. And I just don't know that that finding has to be made to issue the bail order. So what makes the order that kind of order? Sure. Your honor, it's the inclusion of the no contact condition, um, that makes this bail order for the purpose of protection of TN. Context is important. I think, um, not every bail order certainly is issued for purposes of protection, but this bail order certainly was. It was issued in an aggravated assault case, uh, where Mr. Dion was accused of or charged with aggravate felony, aggravated assault against TN. Um, and the bail order specifically, specifically lists TN as the and the, uh, physical proximity boxes on the, the, um, the bail order prohibited Mr. Dion from having contact within physical proximity to TN. That is the specific purpose of this order. Indeed, it's arguably the purpose of the proceeding. Um, but there's no question that the bail order in this case satisfies the purpose of prevention. Well, your argument, as I understand it, Ms. Reed, is that, is that a bail order has multiple purposes, but one specific purpose of this bail order by virtue of the no contact and stay away provisions is precisely to, uh, protect, uh, this particular victim. That's right, Judge Celia. Um, and we think that because of that, the bail order in this case squarely satisfies the broad definition of a protection order at the top of section 22-66-5 subsection A. Could you just then address that last phrase that's in, um, section 5A, which is so long as any civil or criminal order was issued in response to a complaint petition or motion? Is the idea that this was filed in response to a motion that was filed on behalf of a person seeking protection? Well, sure, your honor. The, the big idea is that the so long as provision doesn't in any way affect the broader definition of protection order at the top of the statute. Uh, we think that beginning with the word, including midway through subsection A through the rest of the statute, that's an illustrative example of an order that will qualify as a protection clause under subsection A. I just want to ask you about that because it does seem odd to me that that would suggest that a protective order includes an order issued by a criminal court to prevent contact with another person for any reason, including a reason having nothing to do with protecting them from sexual violence, harassment, etc. Um, your honor, if I understand your question correctly, is it that, uh, reading out the limitation at the end would nullify the purpose of the order? I'm sorry. Well, it's just, it just seems a little odd to me that if you strike so long as, as a limitation on any other order, then as I read it, it would suggest any other order would include any order by a criminal court that is issued for the purpose of preventing contact with another person, regardless of why that contact is being prohibited. Sure, your honor. Um, I think that, um, the purpose, the purpose language in the top part of subsection A, um, does more work than to, um, expansively limit contact with any other person. Um, just taking in the context of the Violence Against Women Act, I think the purpose has to be, um, prohibiting contact or communication with, um, a victim or a person, um, uh, of familial or domestic or dating relation, um, who is, um, exposed to or at No, your honor. I understand that. Um, but I guess I don't think the so long as clause does the work of, um, has the work of limiting contact or communication with a person, um, only in the context of, of seeking of that person seeking protection. Um, does that mean then to follow up on judge and chief judge Barron's question? Does that mean, I mean, as I read the first part of that provision, it, it could apply to any standard witness intimidation concern. No, your honor. I really do think context matters, uh, in determining whether an order qualifies as a protection order under the statute. But so are you saying it, but you don't think it's the last part of the provision that provides the context. Do you think it's where it's located otherwise in the type of statute that it's located in? I think it, I think it falls within the context of what the purpose of the proceeding is that that means person. What does person mean then contextually? Just contact to another person. So you must be suggesting another person doesn't mean any person. I am suggesting that another person, um, doesn't mean, uh, any person outside the context of, um, a sort of domestic violence context. But there's no definition of person that's there is not your honor, which is why I guess what I'm saying is if you're, if your suggestion is that you agree with me, that it would be odd to read another person to be any person. And that's because of the context of the statute, doesn't that tend to suggest that one way to solve that problem is to conclude that the language that's actually in 5A that would language that's right there doesn't, but language that isn't there should be imported into the words another person to limit it in some way that we've got no textual basis for suggesting what the criteria would be. That that seems odd when it's right there in 5A that would provide the basis for the limitation. Sure. Your honor, I have a couple of responses. The primary reason I don't believe the so long as clause applies to the broader definition is because of the nearest reasonable reference canon, which we discussed in our brief in which the Klein case discusses as well. Um, but the, uh, another reason is I think the context has to be gathered from the order. Um, and the, another sort of person, whether the order was issued for purpose of protection for purposes of the statute has to be gathered from the context of the case and from, um, the, the character of the charges against the person against whom the order was issued. I think there's no question in this case, um, which is most important that the order issued in this case, um, uh, was issued for purposes of contact contact or communication or physical proximity to TN for purposes of the violence against women act. Um, and that's apparent on the face of the order and is apparent from the context as well. But Ms. Reed, instead of struggling with, with, with the argument that you're making, which obviously has produced some doubts on the panel, because I share those expressed by Judge Howard and Chief Judge Barrett. If you read the so long as clause, as would seem to be a more natural reading as a limitation, don't you still prevail? Yes, your honor. We, we do still prevail. Why don't you tell us why that would be so? Sure. Your honor. Um, we do believe that this order, the bail order in this case was issued in a criminal case, um, in response to a criminal complaint and motion for conditions filed on behalf of TN who was at the time the order was issued was seeking protection from Mr. Dion. Um, and so yes, Judge Delia, we do believe that the so long as limitation at the end of the statute, while we don't agree that it applies to the broader definition, assuming it does, um, it, it is satisfied in this case. Can I just, the thing that just, I find a little bit problematic is, is it right to say that the criminal order that would be the bail order was issued in response to a complaint on behalf of a person seeking protection? I would have thought the bail order would be more naturally understood to have been issued in response to a motion for bail. And then the question is, was that motion filed by or on behalf of a person seeking protection as opposed to by the government on behalf of the people? Sure, your honor. Um, so we do agree that, uh, the bail order itself was issued in response to a motion, um, an oral motion made at the bail hearing. Okay, so is that, is bail motion properly understood to be filed by or on behalf of a person seeking protection? We do believe the bail order with the requested conditions, uh, was, was filed for and sought on behalf of T.N. who was seeking protection when she notified law enforcement, um, that she was fleeing Mr. Dion, um, her, uh, abusive long-term boyfriend. And so we do think that criteria is satisfied with reasons. Thank you. Thank you, your honor. Thank you, attorney Reed. At this time, please mute your audio and video and attorney please, uh, unmute and reintroduce yourself on the record to begin with your three-minute rebuttal. Thank you, uh, David J. Bobrow on behalf of the appellant, uh, Nelson Dion, um, for rebuttal. To respond to a question that was raised by, uh, Chief Judge, um, Barron, in this particular case, as I believe the question was raised, was this filed by or on behalf of, where is the evidence of that? Where is the evidence other than in the government's own recitation of facts, an officer stopped T.N. while she was in her vehicle? Where is the suggestion? Where's the suggestion that a motion was filed on or by or on her behalf? We know it wasn't filed by her because that would be a protective order. So where is the evidence of that? And we know a criminal complaint was filed. A criminal complaint. I agree a criminal complaint was filed, but there was no suggestion that a motion was filed. And that is in direct response to what Chief Judge Barron was saying. And that also coincides with my argument about whether there was the proper notice that would be provided. Could we understand the motion to be filed, given that the motion for bail sought no contact with her in particular, what would be wrong with concluding that in this case, that motion was filed on behalf of her to protect her? Because who is filing on behalf of? If we are suggesting that the government is filing on behalf of her by naming her as a person who cannot be contacted as a condition of the bail. But then that goes to the argument that you were in this particular case, there is no suggestion or no belief in my responsive brief outlines that to state how the prosecutor is not the advocate for the for T.N. or not the advocate for a victim. So the government is not filing specifically for an individual. That is not the government's role. It doesn't have to file for the individual. He has to make the motion on behalf of the individual and the prosecutor's purpose in asking for the condition seems to me to be plainly to protect T.N. He's not trying to do that because he gets extra brownie points for it. He's trying to protect a woman who he has reason to believe is at risk from your client. But that again creates the distinction between bail and a protective order, because if you were talking about a protective order, you have if that is the argument, then the difference, the distinction between the two is that the bail any type of if I'm following them on this reading, if you could read the bail order in this way, then I'd take it. Judge Judge Howard's question earlier, which is that would also mean the statute would apply to a bail order to protect a witness. From witness intimidation, and you say that just can't possibly be what the statute means, so that can't it just can't work that way. And that's that's exactly the issue, because if you look at the notice provisions, that's the problem here. We know that the main bail code itself wasn't followed in this case. Any further questions on the panel? Nope. Thank you. Thank you. Would Attorney Bob Rowe and Attorney Reed please disconnect from the hearing at this time? That concludes argument in this case. Thank you.